RECEIVED

JUN 04 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DON C. WILLIS (#106680) | DOCKET NO.1:10-cv-0170; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

---

**IMPORTANT NOTICE**: COURTESY COPIES OF DOCUMENTS YOU FILE
SHOULD <u>NOT</u> BE PROVIDED TO ANY JUDGE.
ALL COMMUNICATIONS WITH THE COURT SHALL <u>ONLY</u> BE
THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

---

## REPORT AND RECOMMENDATION

Plaintiff Don C. Willis, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights complaint (42 U.S.C. §1983) on January 27, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. He complains that he is being denied cardiac medication and diabetic testing. He sued Warden Wilkinson and Dr. Pacheco requesting among other things, damages in the amount of $20,000,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as duplicative therefore malicious in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

### *Background*

On September 28, 2009 plaintiff filed a civil rights complaint in this Court. He sued Warden Wilkinson, Dr. Pacheco, and Nurses Hamilton and Gatskill alleging that he was being improperly treated for myriad medical conditions he suffers from; he specifically claimed that the defendants were not properly monitoring his blood sugar levels. See <u>Don Carlos Wills v. Winn Correctional Center, et al.,</u> Civil Action No. 1:09-cv-1711 at Doc. #1.

Service of process was ordered on February 1, 2010. [*Id.*, Doc. #6] On February 9, 2010, plaintiff complained that Dr. Pacheco discontinued plaintiff's prescription for Plavix®.[1] [Id., Doc. #7] On March 23, 2010 plaintiff filed an "Emergency Motion for Injunctive Relief" based upon Dr. Pacheco's December 2009 order discontinuing plaintiff's prescription for Plavix. [*Id.*, Doc. #9] The undersigned directed service of the Emergency Motion and ordered the Defendants to provide plaintiff's medical records at a hearing. [*Id.* Doc. #10] On March 30, 2010, the undersigned continued the hearing without date upon receiving proof that plaintiff's prescription for Plavix had been restored. The

---

[1] Plavix® or clopidogrel is a medication used to prevent strokes and heart attacks in patients at risk for these problems. Clopidogrel is in a class of medications called antiplatelet drugs. It works by helping to prevent harmful blood clots that may cause heart attacks or strokes.

<u>Medline Plus</u>, A Service of the U.S. National Library of Medicine and the National Institutes of Health, Drugs & Supplements, at http://www.nlm.nih.gov/medlineplus/druginformation.html

undersigned further directed the defendants to have plaintiff examined and evaluated by a cardiologist to determine whether plaintiff "... should remain on Plavix or be placed on different medications." [*Id.*, Doc. #12] At a hearing convened on April 14, 2010, the undersigned concluded that injunctive relief was not called for. [*Id.* Doc#21] Plaintiff's complaints have been served upon the defendants and they have been directed to respond to the complaints.

Meanwhile, on January 27, 2010 plaintiff filed the instant complaint. Again, he sued Warden Wilkinson and Dr. Pacheco alleging, "Dr. Pacheco stopped my heart medicine Plavix 75 mg. on December 16th 2009. He never even notified me or anything. This could cause my death, he does not care ... he also refuses to let me check my blood sugar... " Plaintiff prayed that Pacheco "be terminated" and that his license be revoked and that he be prosecuted. Plaintiff also prayed for $20,000,000 in damages. [Doc. #1]

### *Law and Analysis*

Title 28 U.S.C. §1915(a) enables an indigent prisoner to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if

satisfied that the action is frivolous or malicious." See 28 U.S.C. § 1915; see also <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir.1986). The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. See <u>Green</u>, 788 F.2d at 1119. If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." See <u>Robinson v. Woodfork</u>, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing <u>McCullough v. Morgan</u>, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and <u>Hill v. Estelle</u>, 423 F.Supp. 690 (S.D.Tex.1976)).

In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d). <u>Pittman v. K. Moore</u>, 980 F.2d 994, 995 (5th Cir.1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). Or, put another way, "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple-but not more." <u>Pittman v. Moore</u>, 980

4

F.2d 994, 995 (5th Cir.1993).

The instant complaint is duplicative of a matter presently pending before the court.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as duplicative and therefore malicious in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Alexandria, Louisiana _____,

2010.

_____

**JAMES D. KIRK**

**UNITED STATES MAGISTRATE JUDGE**